UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAMILLA KEPLER,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>　　　　Defendant(s). | Case No. 2:20-cv-02118-NJK<br><br>**ORDER** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's motion to remand based on new evidence. Docket No. 18-1.[1] The Commissioner filed a cross-motion to affirm. Docket No. 18. No reply was filed.

**I.  STANDARDS**

　　A.　Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§

---

[1] As Plaintiff is proceeding *pro se*, the Court construes her filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Rather than file her motion with the Court, Plaintiff only served it on the Commissioner. *See* Docket No. 18-1 at ¶¶ 2-3. The Commissioner attached a copy of Plaintiff's motion to its cross-motion. Given the circumstances, the Court discharges the order to show cause why the case should not be dismissed for failure to prosecute. *See* Docket No. 17. The Court will proceed to resolve Plaintiff's motion and the Commissioner's cross-motion.

404.1520(b), 416.920(b).² The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II.   BACKGROUND

### A. Procedural History

On May 20, 2015, Plaintiff filed an application for supplemental security income with an alleged disability onset date stated as unknown. *See, e.g.*, Administrative Record ("A.R.") 197-

---

² The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

205.[3] On October 13, 2015, Plaintiff's claim was denied initially. A.R. 91-94. On June 16, 2016, Plaintiff's claim was denied on reconsideration. A.R. 99-103. On August 17, 2016, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 104-06. On December 28, 2017, Plaintiff and a vocational expert appeared for a hearing before ALJ Norman Bennett. A.R. 54-58. That hearing was continued to allow Plaintiff an opportunity to seek representation. A.R. 57. On May 18, 2018, Plaintiff and a vocational expert again appeared for a hearing before ALJ Norman Bennett. A.R. 35-53. On June 28, 2018, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability since the date the application was filed. A.R. 19-30. On May 31, 2019, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 9-13.

Plaintiff received extensions to file a civil action. A.R. 1-8. On November 18, 2020, Plaintiff commenced this action for judicial review. Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 19-30. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the application date. A.R. 23. At step two, the ALJ found that Plaintiff has the following severe impairments: status post back injury, diffuse nerve pain due to remote history of burns, anemia, anxiety disorder, and depressive disorder. A.R. 23-24. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 24-25. The ALJ found that Plaintiff has the residual functional capacity to perform the light work as defined by 20 C.F.R. § 416.967(b) consisting of (1) lifting or carrying up to 20 pounds occasionally and 10 pounds frequently; (2) standing and/or walking for up to 6 hours in an 8-hour workday; (3) sitting for up to 6 hours in an 8-hour workday; (3) occasionally balancing, stopping, kneeling, crouching, crawling, or climbing ramps or stairs, but never climbing ropes, ladders, or scaffolds; and (4) performing simple, repetitive tasks with

---

[3] The record later reflects an alleged onset date of August 1, 2009. *E.g.*, A.R. 19.

reasoning levels of 1-2, consistent with unskilled work. A.R. 25-29. At step four, the ALJ found that Plaintiff has no past relevant work. A.R. 29. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on Plaintiff's age, education, work experience, and residual functional capacity. A.R. 29-30. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time the application was filed with limited education and ability to communicate in English. A.R. 29. The ALJ found the transferability of job skills to be immaterial. A.R. 29. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as an assembler of small products, inspector, and marker. A.R. 29-30.

Based on all of these findings, the ALJ found Plaintiff not disabled since the date of the application. A.R. 30.

### III. ANALYSIS

Plaintiff raises a single issue on appeal, asserting that remand is appropriate for the ALJ to consider new evidence. Docket No. 18-1.[4] In particular, Plaintiff attached 12 documents to her motion that she argues warrant remand. The Commissioner disagrees, arguing that the evidence is outside of the relevant time period, redundant of the material considered below, or is otherwise not material. *See* Docket No. 18 at 6-11.[5]

A sentence six remand is appropriate when "new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might change the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). As to this latter requirement, the newly-presented evidence must be material. 42 U.S.C. § 405(g). In this context, materiality means that the evidence must bear directly and substantially on the matter. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). "[E]vidence is sufficiently material to require a remand[] only where there is a reasonable possibility that the new evidence would have

---

[4] In social security parlance, this is known as a "sentence six remand."

[5] Pin-citations to the briefing reference the pagination provided by CMECF.

changed the outcome of the [Commissioner's] determination had it been before [her]." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (quotation marks and citation omitted); *see also* 42 U.S.C. § 405(g). In addition, the new evidence must be probative of the claimant's condition as it existed at or before the time of the disability hearing. *See Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511-12 (9th Cir. 1987). The claimant bears the burden of establishing grounds for a sentence six remand. *See Mayes*, 276 F.3d at 462.

Plaintiff has not met that burden here. First, a significant number of the exhibits on which she now relies post-date the ALJ's adverse decision below (June 28, 2018). In particular, Plaintiff submits a letter relating to an emotional support animal dated February 13, 2020, Docket No. 18-1 at 9; a treatment note dated July 8, 2021, *id.* at 17;[6] and several prescriptions that post-date the ALJ's decision, *id.* at 10, 14, 16, 18. Plaintiff has not explained how such evidence is material. The proper recourse when obtaining evidence of disability well outside the relevant timeframe is for the claimant to file a new application for disability. *See, e.g.*, *Carlson v. Saul*, 2020 WL 7050027, at *5 (D. Nev. Nov. 16, 2020) (discussing *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 n.1 (9th Cir. 2001) and *Sanchez*, 812 F.2d at 512), *adopted*, 2020 WL 7048268 (D. Nev. Dec. 1, 2020).[7] Plaintiff has not provided a basis on which to chart a different course in this case.

Second, some of the exhibits on which Plaintiff relies are redundant of the information already before the ALJ. Two of these exhibits relate to prescriptions for Oxycodone and Trazodone from January 5, 2018. Docket No. 18-1 at 13, 15. Plaintiff already testified below to taking Trazodone, as well as pain medications. A.R. 42. Moreover, the ALJ expressly acknowledged the record that Plaintiff "was treated with various medications[,] including . . . Trazadone . . . [and] Oxycodone . . ." A.R. 26. Plaintiff also submits a document that is a mostly blank and incomplete police report apparently regarding a car accident from 2017. *See* Docket No. 18-1 at 19. Although Plaintiff explains in her motion that this car accident aggravated her

---

[6] This treatment note addresses Plaintiff's back pain, but appears to relate more directly to a pneumonia diagnosis due to the Covid-19 virus. Docket No. 18-1 at 17.

[7] As the Commissioner notes on appeal, some of the prescriptions are also redundant of the information already considered by the ALJ. Docket No. 18 at 10 n.10. Such evidence is also not material for that reason as discussed below.

condition, Docket No. 18-1 at 6-7, she already testified to the ALJ about the existence of this accident and the resulting back pain. A.R. 42 ("about almost a year ago, I was in [an] accident . . . [the result of which was that] I was having back pain"). The ALJ expressly acknowledged this testimony and found that Plaintiff's severe impairments include status post-back injury. A.R. 26, 28. The Ninth Circuit has instructed that remand is not necessary for an ALJ to consider evidence that is cumulative of the existing record. *See Fair v. Bowen*, 885 F.2d 597, 606 (9th Cir. 1989).

In short, the exhibits on which Plaintiff relies are outside the relevant timeframe and/or are redundant of the information already in the record that the ALJ addressed below.[8] Accordingly, Plaintiff has not met her burden of establishing the materiality for any of the exhibits.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** the motion to remand (Docket No. 18-1) and **GRANTS** the countermotion to affirm (Docket No. 18). The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: October 6, 2021.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[8] The final document is a copy of a box with an eardrop solution. Docket No. 18-1 at 11-12. No date is provided nor is any explanation made as to how this document is material. The Commissioner guesses that the ear drops relate to an incident in which Plaintiff had a spider in her ear. *See* Docket No. 18 at 8 & n.6. At bottom, Plaintiff bears the burden of establishing grounds for a sentence six remand. *See Mayes*, 276 F.3d at 462. Merely attaching this document without meaningful explanation is insufficient to carry that burden. *Cf. Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996) (identifying an issue without providing meaningfully developed argument is insufficient to raise that issue on appeal).